Wardlaw, J.
dissenting. I dissent. It seems to me that the defendant has been convicted of one offence, under an indictment for another. The statute of 1849, concerning the license laws (II Stat., 557) in effect defines a tavern, to be a house accommodated, to the extent there directed, for the entertainment of guests, and so licensed that the sale of spirituous liquors in quantities less than a quart may be made therein. It provides that such sale shall be made nowhere else than in a tavern, and leaves unlicensed selling to be punished according to former Acts. It specially excludes from the privileges granted *523 by a tavern license the sale of liquors in any other place than that in which the license was first exercised — sec. 5th — or in a shop or other place where goods are sold, or in a bar or other place out of the licensed tavern — sec. 6th — or after the expiration of the license — sec. 8. And a defendant who has been licensed to keep tavern, but has transgressed the law in any of these particulars, may well be said to have retailed without license, for none of these acts is authorized by his license. So also under the 11th section, a retailer not a tavern keeper who sells less than a quart, or sells any quantity to be drunk at the place of sale, does what is expressly declared not to be authorized by his retail license; and so sells without license.
But the 4th section is different from these. It affirmatively requires a licensed tavern keeper to keep certain provision for guests, “upon pain of forfeiting his license and recognizance, and being subject to the like penalties as for selling without license.” The enactment is, not that if the required provision be not kept, the license shall be void ; but that by not keeping the provision, a licensed tavern keeper shall incur certain penalties, to wit: first, his license shall be forfeited; second, his recognizance shall be forfeited; and, third, he shall be further punished in the same manner, and to the same extent, as if he had sold liquor without license. A new and separate of-fence is created, and reference made to the old offence of retailing without license, for part of the punishment. The indictment for the new offence should charge that the defendant, being a licensed tavern keeper and exercising the privileges granted by his license, did not keep two good beds, &c., as required. A person who had received a license, but did not sell under it, could not be considered a licensed tavern keeper, so as to be convicted for neglecting that keeping of prescribed articles, which was de manded as a condition subsequent of his exercising his license’ for breach of which condition his license might be forfeited. The error seems to me, to be in holding that the State can seize the license for non-performance, before the breach of the condition has been ascertained by matter of record.
*524 The directions of the Act concerning the recognizance has been insisted on. I think that the condition of the recognizance guards against violations of the law, either by retailing without license, or in an unlicensed manner, or by keeping a disorderly house, or by permitting unlawful gaming therein, or by neglecting to keep the prescribed provision for guests, or by disobeying any law relating to slaves or free persons of color — sec. 3 : and that when a breach in any of these particulars has been ascertained by conviction, then, “in addition to the penalties imposed bylaw” for the oifence which constituted the breach, the recognizance may after scire facias be estreated, sec. 10. Whenever; under the 4th section, the license is forfeited, so is the recognizance. It by commission of the act of not keeping beds, &c., the license is forfeited before conviction, then by affidavit and scire facias, without jury trial, the recognizance may be estreated, and judgment be confirmed for $1,000, against principal and sureties.
It will not do to say, that the conviction for selling without license, such as has been had in this case, will show the breach of the recognizance. This conviction has been had upon the ground that before it, by the very act of not keeping the beds, &c., the license became forfeited and void. Whatever may have been the evasion of the statute practised by the defendant, the proceeding which has been had was well calculated to mislead and surprise him. How could he have anticipated that-a deficiency of beds was to be proved, when the want of license was averred ? or have supposed that an omission imputed to him as a licensed tavern keeper, showed that he had no license to keep a tavern ? To his license exhibited in defence, the reply was, “You have made the license void by breach of its condition, in a particular now to be proved.” If this had been written, he might have demurred, on the ground that the breach had not been judicially ascertained and pronounced.

Motion dismissed.